# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAIME ANTONIO LARA CASTILLO,

        Petitioner,

v.                                                   Case No. 09-CV-592

UNITED STATES of AMERICA,

        Respondent.

## ORDER

Petitioner Jaime Antonio Lara Castillo ("Castillo") filed a motion to vacate, set aside or correct the federal sentence he is serving, pursuant to 28 U.S.C. § 2255. Castillo is currently incarcerated based on a conviction for conspiracy to transport stolen goods in interstate commerce. Castillo pleaded guilty to the charge and was sentenced to a term of fifty-seven months imprisonment by this court on January 7, 2008. Four days later, Castillo filed an appeal from his conviction and sentence. On February 20, 2009, the Seventh Circuit Court of Appeals granted Castillo's appointed appellate counsel's motion to withdraw, based on the fact that any challenge to the reasonableness of Castillo's sentence would be frivolous. *United States v. Lara-Castillo*, 310 Fed. Appx. 909, 910 (7th Cir. 2009). Within the same order, the court dismissed the appeal, concluding that Castillo's claims were meritless. *Id*. at 910-11. Castillo filed the instant § 2255 motion on June 16, 2009. The motion is now before the court for a Rule 4 screening.

Rule 4 of the Rules Governing § 2255 proceedings requires the court to screen a prisoner's petition to determine whether he states a claim upon which § 2255 relief can be granted. Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Rule 4 reads in relevant part:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading...

(Rule 4, Rules Governing § 2255 Proceedings). Pursuant to the rule's instructions, the court will conduct an initial screening of Smith's motion.

The court must first ensure that Castillo's motion is timely. A motion made pursuant to § 2255 must be filed within one year of the date that the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). Castillo's appeal was dismissed by the Seventh Circuit on February 20, 2009, and he filed the instant petition less than four months later, rendering it timely filed.

Next, the court must verify that the petitioner's claims are not procedurally defaulted and that they entitle the petitioner to relief. In general, claims must first be raised on direct appeal. A petitioner cannot present an issue for the first time on

collateral review "absent a showing of cause 'for failure to advance the argument sooner and some showing of actual prejudice resulting from the alleged constitutional violation.'" *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). This is because a § 2255 motion may not be used as either "a recapitulation of" or "a substitute for" a direct appeal. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996); *accord United States v. Barger*, 178 F.3d 844, 848 (7th Cir. 1999) (stating that a § 2255 motion "is not to be used as a substitute for a direct appeal") (citing *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989)).

Castillo raises two claims in his § 2255 petition: 1) that his understanding of the plea agreement he was signing was different than the content of his actual plea agreement; and 2) that the court erred in calculating the guideline sentence range, rendering his sentence unreasonable.

Castillo is not entitled to relief on his first claim regarding the plea agreement he signed. In his motion, Castillo alleges that the "plea agreement was signed under different understanding from the defendant." (Pet.'s Mot. 6). Castillo goes on to explain that he signed a plea agreement in which certain charges had been "scratched off," but that at his change of plea hearing, the charges remained a part of his plea agreement. (*Id*). Castillo's statements seem to suggest that the plea agreement he consented to and signed was not the plea agreement ultimately filed. Alternatively, Castillo's statements suggest that he signed the plea agreement but

-3-

did not understand what he was signing. However, Castillo cannot raise a cognizable claim under either interpretation.

Castillo testified under oath at his change of plea hearing that he had read, understood, and signed the plea agreement. (Change of Plea Hearing Minutes, 07-CR-134, Docket #14). Further, Castillo provides no proof that a new plea agreement was substituted for the one he originally signed or that the agreement he signed had been altered. Indeed, the court reviewed the filed plea agreement, which revealed Castillo's signature but showed no evidence of any items "scratched off" or any indication that it had been altered. (*Id*). The Seventh Circuit Court of Appeals made the same determination that Castillo lacked evidence to substantiate his claims in its order dismissing Castillo's appeal. *See Lara-Castillo*, 310 Fed. Appx. at 911. ("Lara-Castillo also suggests that the plea agreement used at sentencing was a different version from the one he signed. Yet he provides no evidence for this assertion"). Despite his statements on the record, Castillo now claims either that he did not sign the plea agreement presented at his hearing or that he did not understand the agreement's provisions. His sworn statements indicate otherwise. In addition, he provides no evidence to support his assertions. Therefore, Castillo states no valid claim.

Next, the court deems Castillo's second claim regarding an inappropriate guidelines range procedurally defaulted. In his claim, Castillo asserts that the court wrongly employed a sentencing range of 57 to 71 months at his sentencing hearing,

-4-

while his correct sentencing range was 46 to 57 months. He further asserts that because the court sentenced him to 57 months – the bottom of the applicable range – he would have received a sentence of 46 months if the court had applied the correct range. However, Castillo never raised this issue in his direct appeal. Indeed, Castillo admits this fact within his § 2255 motion. (Pet.'s Mot. 7). As an explanation for his failure to raise the issue to the appellate court, he merely states "I didn't have." (*Id*). This statement does not constitute a showing of cause and prejudice. Thus, Castillo's claim is procedurally defaulted.

Moreover, a sentence of 57 months is not unreasonable, even if the appropriate guideline range was 46 to 57 months as Castillo suggests. A sentence within the applicable advisory guidelines range is presumptively reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). To rebut this presumption, Castillo must demonstrate that his sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1045 (7th Cir. 2005). Castillo makes no attempt to argue that his sentence is unreasonable under the factors. Instead, he merely argues that because the court stated that a sentence at the low end of the guideline range was appropriate, and the guideline range was incorrect, his sentence is inherently unreasonable. However, the court's consideration and application of the § 3553(a) factors do not change because of a small modification in the guideline range. More importantly, the sentence Castillo received remains within the

Case 2:09-cv-00592-JPS   Filed 07/06/09   Page 5 of 6   Document 2

guidelines range. Therefore, Castillo's claim fails on its merits in addition to being procedurally defaulted.

Accordingly,

**IT IS ORDERED** that Castillo's motion to vacate, set aside or correct sentence pursuant to § 2255 be and the same is hereby **DENIED** and the case is **DISMISSED**.

The clerk of the court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 6th day of July, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge